

Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

April 29, 2026

AGENTS AND CORPORATIONS, INC.
CLEANLIFE ENERGY LLC; & DOES 1 TO 50
1201 ORANGE ST STE 600
ONE COMMERCE CENTER
WILMINGTON, DE 19801

FROM:    SUMMONS DIVISION
         SECRETARY OF STATE

RE:      CASE NO: 26-CI-001853

COURT:  Circuit Court Clerk
        Jefferson County
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

   **(1)  Your attorney, or**
   **(2)  The attorney filing this suit whose name should appear on**
   **      the last page of the complaint, or**
   **(3)  The court or administrative agency in which the suit is filed**
   **      at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| AOC-E-105 | Sum Code: CI | | |
|---|---|---|---|

AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1



**COMMONWEALTH OF KENTUCKY**

**CIVIL SUMMONS**

Case #: **26-CI-001853**

Court: **CIRCUIT**

County: **JEFFERSON Circuit**

---

*Plaintiff*, **N. GLANTZ & SON, LLC VS. CLEANLIFE ENERGY LLC; & DOES 1 TO 5**, *Defendant*

TO:  **AGENTS AND CORPORATIONS, INC.**

**1201 ORANGE ST STE 600**

**ONE COMMERCE CENTER**

**WILMINGTON, DE 19801**

Memo: Related party is CLEANLIFE ENERGY LLC; & DOES 1 TO 50

The Commonwealth of Kentucky to Defendant:
**CLEANLIFE ENERGY LLC; & DOES 1 TO 50**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

David L. Nicholson

Jefferson Circuit Clerk
Date: **4/29/2026**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

Served By _____

Title _____

---

Summons ID: 1356549989355798@00001146970
CIRCUIT: 26-CI-001853 Long Arm Statute – Secretary of State
N. GLANTZ & SON, LLC VS. CLEANLIFE ENERGY LLC; & DOES 1 TO 5



Page 1 of 1

eFiled

*Package : 000002 of 000025*

Presiding Judge: HON. JESSICA E. GREEN (630423)

*Package : 000002 of 000025*

Filed          26-CI-001853    02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

CASE NO._____

**JEFFERSON CIRCUIT COURT**
**DIVISION_____**

**N. GLANTZ & SON, LLC**                                 **PLAINTIFF,**

**v.**

**CLEANLIFE ENERGY LLC;**                               **DEFENDANTS**
**And DOES 1 to 50, inclusive**

Serve:          Kentucky Secretary of State
                CLEANLIFE ENERGY LLC
                Feldman Law Firm, LLC
                2191 Murray Hill Road
                Cleveland, OH 44106

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

## COMPLAINT

COMES NOW the Plaintiff, N. Glantz & Son, LLC, by and through undersigned counsel, and for its Complaint herein states as follows:

### PARTIES

1.    Plaintiff N. Glantz & Son, LLC ("Plaintiff" or "Glantz") is an Indiana limited liability company with its principal place of business in Jefferson County, Kentucky.

2.    Defendant Cleanlife Energy LLC ("Defendant" or "Cleanlife") is a Delaware limited liability company with its principal place of business in Cuyahoga County, Ohio.

3.    Defendants, DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Cleanlife and DOES 1 through 50 are hereinafter collectively referred to as "Defendants."

Filed          26-CI-001853    02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

Package : 000003 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000003 of 000025

Filed          26-CI-001853    02/26/2026      David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026      /s/David L. Nicholson, Jefferson Circuit Clerk

## JURISDICTION & VENUE

4.    The Court has subject matter jurisdiction over this action (the "Action"), and venue is appropriate in this Court, pursuant to KRS 452.450, because Glantz's claims relate to a contract that was entered into in Jefferson County, Kentucky.

5.    This Court has personal jurisdiction over Cleanlife pursuant to KRS 454.210(a), (b), (d), and (e) because Cleanlife transacted business in Kentucky, entered into a contract forming the basis of this dispute Kentucky, caused a tortious injury in Kentucky, and breached a warranty that affected a Kentucky resident.

6.    Furthermore, pursuant to the operative contract between the parties, the December 20, 2023 purchase order Glantz issued to Cleanlife, the Plaintiff and Defendant expressly agreed that any disputes arising out of the purchase order were to be resolved according to the laws of the Commonwealth of Kentucky with sole and exclusive jurisdiction and venue being the state or Federal courts of Jefferson County, Kentucky.

## FACTUAL ALLEGATIONS

7.    Plaintiff Glantz is a 4th generation family-owned, national distributor and wholesaler of sign, graphics, electrical, and lighting supplies that has been in operation since 1906. Headquartered in Louisville, Kentucky, Glantz has 28 locations in 22 states across the U.S.

8.    Defendant Cleanlife is a manufacturer and distributor of energy-efficient LED lighting supplies and is based in Cleveland, Ohio. In addition to the sale and distribution of preexisting imported LED products, Cleanlife markets itself as having extensive experience in custom LED lighting solutions and offers customers custom product design and in-house testing and quality control procedures with safety certifications. Upon information and belief, while Cleanlife's custom product design and testing are done in the U.S., the actual manufacturing is

Package : 000004 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000004 of 000025

Filed        26-CI-001853    02/26/2026    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026    /s/David L. Nicholson, Jefferson Circuit Clerk

done overseas in China through Cleanlife's manufacturing vendors. Since 2016, Glantz has been a customer of Cleanlife, including its custom product design services.

9.      Nonparty Young Electric Sign Company ("YESCO") is a national sign and display solutions provider based in Salt Lake City, Utah that specializes in custom sign design, manufacturing, installation, and maintenance, along with lighting, energy, and outdoor advertising solutions. Two of YESCO's more famous projects include the iconic Vegas Vic and the Fremont Street Experience in Las Vegas, Nevada. YESCO is a significant customer of Glantz with a sales volume of approximately $8 million annually. Upon information and belief, YESCO is also a potential customer of Cleanlife.

10.     Nonparty Mystic Lake Casino Hotel ("Mystic Lake") is a 766-room casino and hotel resort operated by the Shakopee Mdewakanton Sioux Community (SMSC) Gaming Enterprise in Prior Lake, Minnesota.

11.     Upon information and belief, in or around September 2023, Mystic Lake hired YESCO to design, manufacture, install, and maintain a custom LED sign with Mystic Lake's name/logo to be installed on its 22-story hotel tower. In order to complete the Mystic Lake project, in December 2023, YESCO placed an order with Glantz for the purchase of 6,040 units of an LED lighting system described as YESCO's "SmartPuck" with the following specifications: 24 volt, black body, and red face (color: Pantone 186C) (hereinafter, the "SmartPucks"). The total purchase price for the SmartPucks was $125,209.20.

12.     To fill YESCO's order for the SmartPucks from Glantz, on or about December 20, 2023, Glantz issued a purchase order (PO #: 3018825-00) to Cleanlife for the purchase of 6,040

Package : 000005 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000005 of 000025

Filed        26-CI-001853    02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

Filed              26-CI-001853   02/26/2026      David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026      /s/David L. Nicholson, Jefferson Circuit Clerk

SmartPucks for the total amount of $111,740.00 (the "Glantz PO")[1]. Attached hereto as "**Exhibit A**" is a true and correct copy of the Glantz PO, which is the operative contract between the parties.

13.     Paragraph 1 of the Terms and Conditions of the Glantz PO expressly provides for Cleanlife's acceptance of the Glantz PO as the "entire agreement between the parties" "upon [Cleanlife]'s delivery of the Goods." The Glantz PO further provides that there would be "no other terms and conditions unless expressly agreed to in writing and signed by an officer of [Glantz]" and that "all additional or different terms in [Cleanlife]'s Invoice are expressly rejected..."

14.     Pursuant to the Glantz PO, on or about February 28, 2024, Cleanlife delivered 5,720 units of the SmartPucks to YESCO at their Las Vegas location, and on or about March 12, 2024, Cleanlife delivered the remaining 320 units, invoicing Glantz in the total amount of $111,740.00, as contemplated in the Glantz PO. In or around April 2024, subsequent to YESCO's receipt of delivery of the SmartPucks, Glantz issued payment in full to Cleanlife.

15.     Then, in or around April 2024, YESCO installed the SmartPucks in the custom sign that YESCO manufactured and maintained at the Mystic Lake Casino Hotel. Thereafter, on or about August 21, 2025, YESCO informed Glantz that its customer Mystic Lake had made a complaint about some of the lights in the sign being out. Upon further inspection, some of the SmartPucks that Glantz had purchased from Cleanlife had failed, showing visible water ingress.

16.     According to the product specification sheet, the SmartPucks were to have an IP67 Ingress Protection (IP)[2] code. An IP67 rating means that the SmartPucks were to be "dust resistant"

---

1 Both the Glantz PO to Cleanlife and YESCO's purchase order to Glantz reflect the additional purchase of 300 units of a 9' Smart wire harness surface mount that are not a subject of this litigation.

2 An electronic device's IP rating is defined by the International Electrotechnical Commission (IEC) under the international standard IEC 60529.

Filed              26-CI-001853   02/26/2026      4   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026          /s/David L. Nicholson, Jefferson Circuit Clerk

Package : 000006 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000006 of 000025

Filed            26-CI-001853    02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

and able to be "immersed in 1 meter of freshwater for up to 30 minutes." The SmartPucks were also to be manufactured with a 50,000-hour L70 rating, meaning the SmartPucks were supposed to last 5.7 years at 24/7 operation before experiencing significant loss in terms of brightness.

17.    What became apparent through examination and testing is that the SmartPucks provided by Cleanlife were defective, made with substandard subcomponents, and failed to meet the required product specifications, namely the IP67 ingress protection standard.

18.    As a result of Cleanlife's delivery of defective and substandard products, YESCO, in conjunction with Glantz, has been forced to purchase replacement LED lighting and make the necessary repairs for Mystic Lake. Due to inclement weather and the dangerously high location of the signage, some of the repairs have yet to be completed and will need to wait until the weather improves in the spring of 2026. The total cost of the repairs is expected to exceed $500,000. This is in addition to an approximate amount of $85,000 in direct costs to Mystic Lake.

19.    In addition to the most recent issue with the defective SmartPucks, Glantz had prior dealings with Cleanlife, having previously purchased Cleanlife's S14 LED Sign Bulbs from 2016 through 2024. Cleanlife's S14 were also defective and resulted in Glantz having to pay YESCO and another former customer named Piros Signs over $200,000 in refunds. While Cleanlife agreed to credit Glantz in the amount of $82,000 for the defective S14 products, Glantz ended up losing significant business from Piros Signs as a customer.

20.    Furthermore, due to the defective S14 and SmartPuck products, Glantz has experienced a loss of business from one of its most important customers, YESCO, and reputational damage in the sign and lighting industry. Glantz has also incurred significant consequential damages in the form of bad inventory, lab testing of the defective goods, legal fees, and internal labor costs in dealing with the circumstances caused by Cleanlife's delivery of defective goods.

Package : 000007 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000003 of 000025

Filed            26-CI-001853    02/26/2026    5    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

Filed           26-CI-001853   02/26/2026       David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026       /s/David L. Nicholson, Jefferson Circuit Clerk

21. Glantz believes that, due to the circumstances surrounding Cleanlife's sale of defective S14 products to Glantz and Cleanlife's desire to recoup their losses from having to credit Glantz $82,000, Cleanlife deliberately took shortcuts in the manufacture of the SmartPucks at issue, by using inferior subcontractors, poor quality materials, and substandard manufacturing practices.

22. Glantz further believes and alleges that, due to Cleanlife's negative experiences in dealing with Glantz related to the S14 products and the parties being direct competitors in the lighting industry, Cleanlife provided Glantz the defective SmartPucks to Glantz in order to damage Glantz's business relationship with YESCO and reputation in their shared industry related to product quality, thereby obtaining an unfair business advantage over Glantz with YESCO and other potential customers.

23. As a direct and proximate result of Cleanlife's improper conduct and delivery of defective goods, Glantz has been damaged, in an amount to be proved at trial, but believed to be in excess of $3.4 million.

## COUNT ONE – BREACH OF CONTRACT

24. Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

25. On or about December 20, 2023, Glantz issued a purchase order (PO #: 3018825-00) to Cleanlife for the purchase of 6,040 SmartPucks for the total amount of $111,740.00 (the "Glantz PO"). Attached hereto as "**Exhibit A**" is a true and correct copy of the Glantz PO, which is the operative contract between the parties.

26. Paragraph 1 of the Terms and Conditions of the Glantz PO expressly provides for Cleanlife's acceptance of the Glantz PO as the "entire agreement between the parties" "upon

Package : 000008 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000008 of 000025

Filed           26-CI-001853   02/26/2026       6   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026           /s/David L. Nicholson, Jefferson Circuit Clerk

Filed           26-CI-001853   02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

[Cleanlife]'s delivery of the Goods." The Glantz PO further provides that there would be "no other terms and conditions unless expressly agreed to in writing and signed by an officer of [Glantz]" and that "all additional or different terms in [Cleanlife]'s Invoice are expressly rejected..."

27. Pursuant to the Glantz PO, on or about February 28, 2024, Cleanlife delivered 5,720 units of the SmartPucks to YESCO at their Las Vegas location, and on or about March 12, 2024, Cleanlife delivered the remaining 320 units, invoicing Glantz in the total amount of $111,740.00, as contemplated in the Glantz PO. In or around April 2024, subsequent to YESCO's receipt of delivery of the SmartPucks, Glantz issued payment in full to Cleanlife.

28. Cleanlife breached the Glantz PO by delivering defective goods made with substandard subcomponents and failing to meet the required product specifications, namely the IP67 ingress protection standard.

29. Plaintiff has fully performed all terms, obligations, and conditions of the Glantz PO by issuing full payment to Defendants on April 25, 2024. Insofar as Plaintiff failed to perform as required, Plaintiff was prevented from doing so by Defendants and their designated agents or was excused from doing so by virtue of Defendants' breach.

30. As a direct and proximate result of Defendants' improper conduct and defective goods, Plaintiff has been damaged, in an amount to be proved at trial, but believed to be in excess of $3.4 million.

## COUNT TWO – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

Filed           26-CI-001853   02/26/2026        7   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026            /s/David L. Nicholson, Jefferson Circuit Clerk

Package : 000009 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000009 of 000025

Filed          26-CI-001853    02/26/2026    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026    /s/David L. Nicholson, Jefferson Circuit Clerk

32.    On or about December 20, 2023, Glantz issued the Glantz PO to Cleanlife. The Glantz PO became the operative agreement between the parties when, on or about February 28, 2024 and March 12, 2024, Cleanlife delivered 6,040 units of SmartPucks to Glantz' customer YESCO. In or around April 2024, subsequent to YESCO's receipt of delivery of the SmartPucks, Glantz issued payment in full to Cleanlife.

33.    Plaintiff did all, or substantially all, of the significant things that the Glantz PO required it to do and, to the extent that Plaintiff did not do anything he was required to do under the Glantz PO, it was excused from doing so by virtue of Defendants' conduct.

34.    Although all of the conditions of Defendants performance had occurred, Defendants unfairly interfered with Plaintiff's right to receive the benefits of the contract by delivering defective goods made with substandard subcomponents and failing to meet the required product specifications, namely the IP67 ingress protection standard.

35.    Accordingly, by virtue of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged, in an amount to be proved at trial, but believed to be in excess of $3.4 million.

## COUNT THREE – FRAUD

36.    Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

37.    On or about December 20, 2023, Glantz issued the Glantz PO to Cleanlife. The Glantz PO became the operative agreement between the parties when, on or about February 28, 2024 and March 12, 2024, Cleanlife delivered 6,040 units of SmartPucks to Glantz' customer YESCO. In or around April 2024, subsequent to YESCO's receipt of delivery of the SmartPucks, Glantz issued payment in full to Cleanlife.

Package : 000010 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000008 of 000025

Filed          26-CI-001853   02/26/2026      David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026      /s/David L. Nicholson, Jefferson Circuit Clerk

38.     At the time the parties entered into the Glantz PO, Cleanlife made representations to Glantz about the product specifications for the SmartPucks at issue, namely that the SmartPucks would be made according to the industry's IP67 ingress protection standard and have a 50,000-hour L70 rating, meaning the SmartPucks were supposed to last 5.7 years at 24/7 operation before experiencing significant loss in terms of brightness. However, these representations were false.

39.     At the time Defendants made the representations to Plaintiff, Defendants had no intention of actually manufacturing and delivering goods that met the represented specifications.

40.     Defendants further confirmed their representations when the goods were delivered to Glantz, affirmatively presenting the goods as complying with the specifications identified above when, in fact, they did not comply with those specifications.  At that time, Defendants knew or acted with reckless disregard for the truth of the true condition of the goods.

41.     At no time did Defendants correct their false representations.

42.     These false representations were made by Defendants with the intent of inducing Plaintiff into entering into the Glantz PO and accepting the tendered goods. Defendants were never going to manufacture the SmartPucks according to the represented specifications and intentionally used inferior materials and manufacturing subcontractors and practices in order to recoup their losses from the prior transaction with Plaintiff involving the defective S14 products and damage Plaintiff's reputation and business relationship with YESCO and other customers in the industry.

43.     At the times the false representations were made to Plaintiff, Plaintiff was ignorant of Defendants' secret intentions not to perform and could not, in the exercise of reasonable diligence, have discovered Defendants' secret intentions.

Package : 000011 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000009 of 000025

Filed          26-CI-001853   02/26/2026      9   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026          /s/David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001853   02/26/2026   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026   /s/David L. Nicholson, Jefferson Circuit Clerk

44. In justifiable reliance on Defendants' false representations, Plaintiff entered into the Glantz PO, accepted the tendered goods, and issued full payment upon delivery. If Plaintiff had known of Defendants' actual intentions, Plaintiff would not have taken those actions.

45. As a direct and proximate result of Defendants' fraud and the facts alleged in this Complaint, Plaintiff was induced into entering into the Glantz PO, by reason of which Plaintiff has been damaged, subject to proof, but believed to be in excess of $3,400,000.

46. The aforementioned conduct of Defendants was intentional and deliberate, designed to subject Plaintiff to a cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages. Accordingly, Plaintiff also seeks punitive damages in a sum to be proven at trial.

## COUNT FOUR – NEGLIGENT MISREPRESENTATION

47. Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

48. On or about December 20, 2023, Glantz issued the Glantz PO to Cleanlife. The Glantz PO became the operative agreement between the parties when, on or about February 28, 2024 and March 12, 2024, Cleanlife delivered 6,040 units of SmartPucks to Glantz' customer YESCO. In or around April 2024, subsequent to YESCO's receipt of delivery of the SmartPucks, Glantz issued payment in full to Cleanlife.

49. Defendants, in order to induce Plaintiff into entering into the Glantz PO, made numerous misrepresentations and concealments of material facts related to the product at issue, namely that the SmartPucks would be made according to the industry's IP67 ingress protection standard and have a 50,000-hour L70 rating, meaning the SmartPucks were supposed to last 5.7 years at 24/7 operation before experiencing significant loss in terms of brightness.

Filed          26-CI-001853   02/26/2026   10   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

Package : 000012 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000012 of 000025

Filed          26-CI-001853    02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

50.    Defendants further confirmed their representations when the goods were delivered to Glantz, affirmatively presenting the goods as complying with the specifications identified above when, in fact, they did not comply with those specifications.

51.    At the time of the representations, Defendants had no reasonable ground to believe their misrepresentations and concealments were true. Defendants, and only Defendants, had access to and knowledge of facts related to the manufacturing practices, subcontractors, and materials that were going to be used. Moreover, there was nothing the Plaintiff could have done to discover Defendants' misrepresentations and concealments prior to entering into the Glantz PO or accepting the tendered goods, a fact that Defendants knew or should have known.

52.    Defendants never corrected their misrepresentations or disclosed their concealments.

53.    Plaintiff, at the time of the misrepresentations and concealments by Defendants and at the time Plaintiffs took the actions herein alleged, were not aware of the concealed facts and were ignorant of the falsity of Defendants' representations and believed them to be true. In reliance on these misrepresentations of material facts, Plaintiff entered into the Glantz PO and issued full payment upon Defendants' delivery of goods.

54.    Plaintiff's reliance on Defendants' misrepresentations and concealments was foreseeable because Plaintiff's reliance was reasonable. Defendants provided Plaintiff only the information that supported Defendants' misrepresentations and withheld other information that would have revealed the falsity of Defendants' representations and concealments.

55.    Plaintiff would not have entered into the Glantz PO to purchase the defective SmartPucks, accepted the tendered goods, or paid Cleanlife's invoice but for Defendants' negligent misrepresentations and concealments.

Package : 000013 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000013 of 000029

Filed          26-CI-001853    02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

Filed                26-CI-001853    02/26/2026    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026    /s/David L. Nicholson, Jefferson Circuit Clerk

56.    As a direct and proximate result of Defendants' fraud on Plaintiff, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT FIVE – PRODUCT LIABILITY

57.    Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

58.    On or about December 20, 2023, Glantz issued the Glantz PO to Cleanlife. The Glantz PO became the operative agreement between the parties when, on or about February 28, 2024 and March 12, 2024, Cleanlife delivered 6,040 units of SmartPucks to Glantz' customer YESCO. In or around April 2024, subsequent to YESCO's receipt of delivery of the SmartPucks, Glantz issued payment in full to Cleanlife.

59.    However, the SmartPucks delivered by Cleanlife to Glantz's customer YESCO turned out to be defective goods made with substandard subcomponents that failed to meet the required product specifications, namely the IP67 ingress protection standard and the 50,000-hour L70 rating, meaning the SmartPucks were supposed to last 5.7 years at 24/7 operation before experiencing significant loss in terms of brightness.

60.    On or about August 21, 2025, less than 18 months from delivery and installation, the SmartPucks failed, showing visible signs of water ingress and leaving customer Mystic Lake's sign inoperable.

61.    To the extent the Defendants are the supplier and manufacturer, they are liable for their own negligence in delivering the defective goods that proximately caused Plaintiff's damages.

62.    As a direct and proximate result of the Defendants' violations of the Kentucky product liability law, Plaintiff sustained damages and other harms and losses that will be proven

Package : 000014 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000012 of 000025

Filed                26-CI-001853    02/26/2026    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026    /s/David L. Nicholson, Jefferson Circuit Clerk

Filed                26-CI-001853    02/26/2026    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026    /s/David L. Nicholson, Jefferson Circuit Clerk

at trial. As such, Plaintiff seeks all remedies provided by Kentucky's statutory and common law, including, but not limited to compensatory and punitive damages, interest, attorney fees and costs of suit, and other expenses.

## COUNT SIX – WARRANTY

63.     Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

64.     Defendants, in order to induce Plaintiff into entering into the Glantz PO, expressly and impliedly warranted that the SmartPucks purchase by Plaintiff would be made according to the industry's IP67 ingress protection standard and have a 50,000-hour L70 rating, meaning the SmartPucks were supposed to last 5.7 years at 24/7 operation before experiencing significant loss in terms of brightness.

65.     In actuality, the defective SmartPucks were not made according to these warranties and product specifications and failed in less than 18 months, showing significant water ingress in violation of the IP67 protection standard.

66.     Plaintiff relied on these express and implied warranties, and the breach of these warranties was the direct and proximate cause of Plaintiff's damages alleged heein. As such, Plaintiff is entitled to recover under Kentucky common law and other statutory enactments.

## COUNT SEVEN – STRICT LIABILITY

67.     Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

68.     When the SmartPucks left Cleanlife's control, they were in a condition that was unsafe and defective in that it was defectively manufactured using substandard subcomponents, subcontractors, and/or manufacturing practices.

Package : 000015 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Filed                26-CI-001853    02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

Package : 000015 of 000025

Filed            26-CI-001853    02/26/2026       David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026       /s/David L. Nicholson, Jefferson Circuit Clerk

69.    Despite the foregoing, Cleanlife delivered the SmartPucks in this defective and unsafe condition and without proper warnings.

70.    Defendants owed a duty of care to the Plaintiff to design, manufacture, and sell products that were fit, safe, and made according to the requested product specifications. Defendants breached this duty by delivering defective goods that failed.

71.    As a direct and proximate cause of the unsafe and defective condition of the SmartPucks, Plaintiff suffered damages, for which the Defendants are strictly liable under Kentucky common law and other statutory enactments.

## COUNT EIGHT – NEGLIGENCE

72.    Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

73.    Pursuant to the Glantz PO, on or about February 28, 2024 and March 12, 2024, Cleanlife delivered 6,040 units of SmartPucks to Glantz' customer YESCO. However, the SmartPucks turned out to be defective, failing by August 2025.

74.    According to the represented product specifications and warranties, the SmartPucks were to be made according to the industry's IP67 ingress protection standard and have a 50,000-hour L70 rating, meaning the SmartPucks were supposed to last 5.7 years at 24/7 operation before experiencing significant loss in terms of brightness.

75.    Defendants did not exercise ordinary care to ensure that the SmartPucks were manufactured according to specifications.  Moreover, Defendants knowingly, willingly, and negligently delivered goods that they knew to be manufactured using substandard materials, subcontractors, and processes. Glantz further believes and alleges that Defendants were negligent in the design of the SmartPucks.

Filed            26-CI-001853    02/26/2026    14    David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026         /s/David L. Nicholson, Jefferson Circuit Clerk

Package : 000016 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000016 of 000025

Filed          26-CI-001853   02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

76.     Accordingly, by virtue of Defendants' negligence, Plaintiff has been has been damaged, in an amount to be proved at trial, but believed to be in excess of $3.4 million.

## COUNT NINE – GROSS NEGLIGENCE

77.     Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

78.     Defendants owed Plaintiff a duty of care, breached this duty of care, and were grossly negligent in their breach of the reasonable and expected standard of care, which requires the imposition of punitive damages in this matter.

79.     Defendants' misconduct and gross negligence was a flagrant disregard for the rights and interests of Plaintiff and anyone who would ultimately use the products at issue and for the standard of care required in the design, manufacture, and sale of the SmartPucks, including, but not limited to, safety, testing, and warnings.

80.     Pursuant to Kentucky common law, punitive damages against Defendants as a manufacturer or supplier is warranted and should be imposed in order to send a message to the public and prohibit similar conduct by other manufacturers and suppliers of similar products in the future and to protect consumers in the State of Kentucky.

## COUNT TEN – INTERFERENCE WITH CONTRACTUAL RELATIONS

81.     Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

82.     Glantz was involved in existing and prospective contractual relationships with YESCO and other customers, of which Cleanlife knew or should have known. Cleanlife intentionally or negligently disrupted the existing and prospective relationship between Glantz and YESCO and other customers by willfully, knowingly, and negligently manufacturing and

Package : 000017 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000015 of 000025

Filed          26-CI-001853   02/26/2026     15   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001853    02/26/2026      David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026      /s/David L. Nicholson, Jefferson Circuit Clerk

supplying defective SmartPucks to Glantz and its customers, resulting in a substantial loss of business.

83.    As a result of Defendants' wrongful conduct, the contractual relations between Plaintiff and its customers were disrupted.

84.    As a result of Defendants' interference with the contractual relationship between Plaintiff and its customers, including YESCO, Plaintiff has been directly and proximately damaged in an amount to be determined according to proof, but believed to be in excess of $3,400,000.

85.    The aforementioned conduct of Defendants was intentional and deliberate, designed to subject Plaintiff to a cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages. Accordingly, Plaintiff also seeks punitive damages in a sum to be proven at trial.

### COUNT ELEVEN – COMPARATIVE AND EQUITABLE INDEMNITY

86.    Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

87.    Glantz denies that it should be found liable to non-parties YESCO and Mystic Lake in any way related to the manufacture and sale of defective SmartPucks by Cleanlife to Glantz, but if and to the extent Glantz is found to have any liability to YESCO, Mystic Lake, or any other non-party, Glantz's liability would be based solely upon a derivative form of liability not resulting from its own conduct, but only from an obligation imposed upon them by law as a result of the conduct of Cleanlife.

88.    In particular, Glantz alleges that, to the extent that Glantz is found to have been liable for the delivery of defective SmartPuck products, it was as a result of the fraudulent and negligent conduct of Cleanlife alleged herein.

Package : 000018 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000018 of 000025

Filed          26-CI-001853    02/26/2026      David L. Nicholson, Jefferson Circuit Clerk
A true copy attest    26-CI-001853    04/29/2026      /s/David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001853   02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

89.     Furthermore, to the extent that YESCO and Mystic Lake is found to have received defective or non-conforming goods, Glantz alleges that the delivery of such goods was entirely the fault of Cleanlife and not Glantz. Plaintiff is, therefore, entitled to indemnity from Defendants for any liability regarding the SmartPucks to YESCO, Mystic Lake, or any other party.

90.     By reason of the matters set forth hereinabove, Defendants are obligated to indemnify and hold harmless Glantz from and against any and all liability of Plaintiff to YESCO, Mystic Lake, or any other party, if such is found to exist, and are further obligated to indemnify Glantz for such costs, expenses and attorney's fees incurred by Glantz in defense of any legal actions filed by said parties.

## COUNT TWELVE – FOR DECLARATORY JUDGMENT

91.     Plaintiff incorporates by reference all of the above allegations in the Complaint as if fully rewritten herein.

92.     Based on the Glantz PO entered into by Glantz and Cleanlife, and Cleanlife's fraud, negligence, and breaches of warranties, duties, and obligations owed to Glantz, as alleged above, an actual controversy exists as between Glantz and Cleanlife related to the claims arising out of or related to the Glantz PO and Cleanlife's manufacture and delivery of defective SnartPucks to Glantz.

93.     Therefore, Plaintiff seeks from the Court a declaration as to its rights under the Glantz PO and the duties and obligations owed to Plaintiff by Defendants.

94.     Plaintiff requests a declaratory order providing that Defendants are the sole party liable to YESCO and Mystic Lake for the manufacture and delivery of defective SmartPuck products pursuant to the Glantz PO and that Defendants are to fully indemnify and hold harmless

Package : 000019 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000019 of 000025

Filed          26-CI-001853   02/26/2026      David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026      /s/David L. Nicholson, Jefferson Circuit Clerk

Plaintiff and contribute to YESCO and Mystic Lake being made whole, including paying the full cost of replacing and installing the defective SmartPucks sold by Defendants.

## DAMAGES

Plaintiff has suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of the Defendants, in an amount that shall be fully proven at the time of trial. These damages include, but are not limited to, damages related to a refund for the defective products sold, the cost of replacing the defective products and installing replacement products, the loss of business from YESCO and other customers, both past and future, the damage to Plaintiff's business reputation, and all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.      That the Court award Plaintiff judgment against the Defendants in an amount in excess of $3,400,000.00 for compensatory, consequential, and incidental damages, together with any punitive damages for the willful and wanton misconduct and gross negligence of the Defendants pursuant to Kentucky common law and statutory enactments.

b.      That the Court award Plaintiff judgment that Defendants indemnity Plaintiff in full, in the event that Plaintiff is found to have any liability to YESCO, Mystic Lake, or any other party due to the conduct of Defendants alleged herein

c.      That the Court award Plaintiff judgment, in the event that Plaintiff is found to have any liability to YESCO, Mystic Lake, or any other party, in an amount proportionate to the contributory and comparative fault of Defendants;

d.      That the Court award Plaintiff declaratory relief as set forth above;

Package : 000020 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000020 of 000025

Filed            26-CI-001853   02/26/2026        David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026        /s/David L. Nicholson, Jefferson Circuit Clerk

e.      That the Court award Plaintiff interest according to the statutory maximum;

f.      That the Court award Plaintiff its costs, disbursements and reasonable attorneys' fees incurred;

g.      That the Court grant Plaintiff leave to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

h.      That the Court award such other and further relief as it deems just, necessary and proper in the circumstances.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable with the maximum number of jurors permitted by law.


Dated this 26th day of February, 2026.

Respectfully submitted,

/s/ Christopher E. Schaefer
Christopher E. Schaefer, Esq.
STOLL KEENON OGDEN PLLC
400 West Market Street, Suite 2700
Louisville, KY 40202
Phone: (502) 333-6000
Christopher.schaefer@skofirm.com

Daniel Yu, Esq. (*pro hac vice pending*)
KAHANA & FELD LLP
2603 Main Street, Suite 900
Irvine, CA 92614
Tel: (949) 812-4781
dyu@kahanafeld.com

*Counsel for Plaintiff N. Glantz & Son, LLC*

Filed            26-CI-001853   02/26/2026        19   David L. Nicholson, Jefferson Circuit Clerk
A true copy attest   26-CI-001853   04/29/2026             /s/David L. Nicholson, Jefferson Circuit Clerk

Package : 000021 of 000025

Presiding Judge: HON. JESSICA E. GREEN (630423)

Package : 000029 of 000029

Filed          26-CI-001853     02/26/2026          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL

DOCUMENT

05/28/2026 01:42:14

PM

BARRISTERN8

# EXHIBIT A

Presiding Judge: HON. JESSICA E. GREEN (630423)

EXH : 000001 of 000004

Filed          26-CI-001853     02/26/2026          David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001853     02/26/2026          David L. Nicholson, Jefferson Circuit Clerk

DOCUMENT

PM





**1.866.645.2689  |  NGLANTZ.COM**

NOT ORIGINAL

## Purchase Order - Direct Ship

05/28/2026 01:42:14

BARRISTERN8

| PO Date | Customer # | PO # |
|---|---|---|
| 12/20/23 | | 3018825-00 |
| Vendor | | Due Date |
| 35270  CLEANLIFE ENERGY, LLC | | Upon Receipt of PO |

| Seller | Invoice To | Ship To |
|---|---|---|
| CLEANLIFE ENERGY, LLC<br>114 BARRINGTON TOWN SQUARE<br>SUITE 229<br>AURORA, OH 44202 | N.Glantz & Son, LLC<br>2501 CONSTANT COMMENT<br>PLACE<br>LOUISVILLE, KY 40299-6324 | YOUNG ELECTRIC SIGN COMPANY<br>5119 SOUTH CAMERON ST BLDG<br>A<br>LAS VEGAS, NV 89118-1512 |

| Instructions | Reference |
|---|---|
| (702)876-8080 | POY-162312 |

| Via | Freight Terms | Payment Terms |
|---|---|---|
| GLOBALTRANZ | F.O.B.-Ship Point | 2% 15,NET 30 |

**Notes**

copy Dennis@cleanlifeled.com on all orders
************************************************************
PLEASE NOTIFY YOUR BUYER IN THE EVENT THERE ARE QUANTITY
OR PRICING VARIANCES ON THIS ORDER OR IN THE EVENT OF
EXTENDED LEAD TIMES ?IF THIS ORDER HAS NO ISSUES NO
ACTION IS NECESSARY. THANK YOU.
************************************************************
IF GLANTZ IS RESPONSIBLE FOR SHIPPING, PLEASE USE OUR 3RD
PARTY UPS ACCOUNT 2F8353 FOR ORDERS LESS THAN 150 LBS.
************************************************************
ALL ORDERS MUST INCLUDE THE GLANTZ PO# IN A SHIPMENT
REFERENCE FIELD AT TIME OF SHIPPING
************************************************************
IF GLANTZ IS RESPONSIBLE FOR FREIGHT: EMAIL
FREIGHTDESK@GLOBALTRANZ.COM WITH SHIPMENT DETAILS (SKID
COUNT,DIMS, WEIGHT, COMMODITIES, ETC) AND A CARRIER WILL BE
ASSIGNED BY CERASIS. IF YOU CANNOT ROUTE ONLINE CALL CERASIS
AT 800-734-5351, OPTION 5
************************************************************
ALL ORDERS MUST INCLUDE THE GLANTZ PO# IN A SHIPMENT
REFERENCE FIELD AT TIME OF SHIPPING
************************************************************

| Line | Product and Description | UPC Item | Order Quantity | Qty UM | Unit Price | Price UM | Amount (Net) |
|---|---|---|---|---|---|---|---|
| 1 | **SMARTPUCK**<br>24V YESCO SMARTPUCK RED FACE W/ BLACK BODY<br><br>*********************************<br>PANTONE 186C<br>********************************* | 00000 | 6,040.00 | each | 18.50 | each | 111,740.00 |
| 2 | **CL-WHA-1BH1N-2743**<br>9' SMART WIRE HARNESS SURFACE MOUNT JST CONNEC | 00000 | 300.00 | each | 5.07 | each | 1,521.00 |

Page **1** of **3**

PLEASE NOTIFY YOUR BUYER IN THE EVENT THERE ARE QUANTITY OR PRICING VARIANCES ON THIS ORDER OR IN THE EVENT OF EXTENDED LEAD TIMES.
IF THIS ORDER HAS NO ISSUES NO ACTION IS NECESSARY. THANK YOU.

Filed          26-CI-001853     02/26/2026          David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. JESSICA E. GREEN (630423)

EXH : 000002 of 000004

Filed          26-CI-001853          02/26/2026          David L. Nicholson, Jefferson Circuit Clerk

DOCUMENT

PM



1.866.645.2689 | NGLANTZ.COM

**NOT ORIGINAL**

**Purchase Order - Direct Ship**

**05/28/2026 01:42:14**

**BARRISTERN8**



| PO Date | Customer # | PO # |
|---|---|---|
| 12/20/23 | | 3018825-00 |
| Vendor | | Due Date |
| 35270  CLEANLIFE ENERGY, LLC | | Upon Receipt of PO |

| 2 | Lines Total | | Order Quantity Total | 6,340.00 | | Purchase Total | 113,261.00 |
|---|---|---|---|---|---|---|---|
| | | | | | | Confirmed Buyer | No |

Presiding Judge: HON. JESSICA E. GREEN (630423)

EXH : 000003 of 000004

PLEASE NOTIFY YOUR BUYER IN THE EVENT THERE ARE QUANTITY OR PRICING VARIANCES ON THIS ORDER OR IN THE EVENT OF EXTENDED LEAD TIMES. IF THIS ORDER HAS NO ISSUES NO ACTION IS NECESSARY. THANK YOU.

Filed          26-CI-001853          02/26/2026          David L. Nicholson, Jefferson Circuit Clerk

Filed          26-CI-001853          02/26/2026          David L. Nicholson, Jefferson Circuit Clerk

**DOCUMENT**

**PM**



**1.866.645.2689 | NGLANTZ.COM**

NOT ORIGINAL

## Purchase Order - Direct Ship

05/28/2026 01:42:14

BARRISTERN8

| PO Date | Customer # | PO # |
|---------|-----------|------|
| 12/20/23 | | 3018825-00 |
| Vendor | | Due Date |
| 35270  CLEANLIFE ENERGY, LLC | | Upon Receipt of PO |

**N. Glantz & Son, LLC**                                    Purchase Order Terms and Conditions

1.   All purchase of products and/or services (collectively "Goods") by N. Glantz & Son, LLC, its parent or its affiliates (collectively "Buyer") are expressly subject to and conditioned on the terms and conditions set forth herein and on the front side of Buyer's Purchase Order (collectively "Terms"), and on no other terms and conditions unless expressly agreed to in writing and signed by an officer of Buyer.  The seller of the Goods is referred to as "Seller."  Buyer objects to and rejects any terms or conditions in any Invoice issued by Seller that are in addition to or different from these Terms.  If any Invoice is conditioned upon Seller's acceptance of Seller's terms and conditions, and the terms of quantity and price of the Goods set forth in Seller's Invoice for the Goods, then all additional or different terms in Seller's Invoice are expressly rejected, and Seller's performance shall create an agreement between Seller and Buyer on these Terms.  Seller's agreement to these Terms shall also occur upon Seller's delivery of the Goods.  If any of the Terms are not acceptable, Seller should not deliver the Goods.  Documents attached by Buyer to its orders are part of the Terms.  These Terms constitute the entire agreement between the parties.  Seller represents it has approved the Terms after review by its legal counsel or voluntarily waived its right to such a review.  If any Terms are invalid, illegal or unenforceable, then the validity, legality and enforceability of the remaining Terms will not in any way be affected or impaired.

2.   Buyer's liability to Seller, whether in contract, in tort, under any warranty, in negligence or otherwise, shall not exceed in any case the return of the amount of the purchase price paid by Seller and under no circumstances shall Buyer be liable for special, in direct, or consequential damages.  The price stated for the Goods is consideration for limiting Buyer's liability.  No action, regardless of form, arising out of the transactions under this invoice may be brought by Seller more than 1 year after the date of this Purchase Order.  Without limitation of the foregoing, in no event will Buyer be responsible or liable for penalties or penalty clauses of any description or indemnification of Seller or others for costs, damages, or expenses arising out of or related to the Goods.

3.   Seller shall protect, defend, hold harmless and indemnify Buyer, its officers, directors, employees, parent(s), affiliates, agents, representatives, dealers, distributors and customers from and against any and all fines, penalties, lawsuits, claims, actions, liabilities, judgments, losses, damages, cost and expenses (including reasonable attorney fees and costs) arising out of, resulting from, or related to: (a) any breach of any of Seller's warranties, representations and guarantees, (b) any product liability claims relating to the Goods, (c) any personal injury and property damage caused by the Goods provided or performed by Seller or Seller's employees or agents, whether such Goods were provided or performed on the premises of Seller or Buyer or elsewhere, (d) any alleged or actual infringement of any third party intellectual property rights, including but not limited to patents, copyrights, trademarks, trade dress, and trade secrets, under the laws of any country by reason of the sale, manufacture, export or use of the Goods in the business or operations of Buyer or any of Buyer's customers, (e) any taxes, penalties and interest paid by Buyer, and any actions related thereto taken by Buyer, (f) any alleged third party right with respect to the Goods, (g) any environmental nature arising or relating to Seller's provision, or failure to provide, the Goods, whether brought by a regulatory authority or third party, or (h) any claims based upon or arising from the purchase, sale, or use of Goods or from any patent or hidden defects in the quality of the Goods or the dangerous condition thereof, regardless of the legal theory asserted or if brought pursuant to a class action statute.

4.   Any agreement arising out of this transaction shall be deemed to have been made in Jefferson County, Kentucky.  The parties agree that the validity, interpretation, and performance of any agreement arising out of this transaction shall be governed by the laws of the State of Kentucky without regard to conflicts of interest laws.  Buyer and Seller hereby submit to the exclusive jurisdiction for the resolution of any disputes hereunder, to the state and federal courts sitting in Jefferson County, Kentucky.  This shall be the sole and exclusive jurisdiction and venue for the purpose of adjudication of any rights and liabilities hereunder.  Buyer and Seller further agree that in the event either party brings an action to enforce the terms hereof, or declare rights hereunder, the prevailing party in any such action shall be entitled to attorney's fees and costs, which are to be paid by the losing party.

PLEASE NOTIFY YOUR BUYER IN THE EVENT THERE ARE QUANTITY OR PRICING VARIANCES ON THIS ORDER OR IN THE EVENT OF EXTENDED LEAD TIMES. IF THIS ORDER HAS NO ISSUES NO ACTION IS NECESSARY. THANK YOU.

Filed          26-CI-001853          02/26/2026          David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. JESSICA E. GREEN (630423)

EXH : 000004 of 000004